IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF

VS.                               4:16-CR-00233-01-JM

ARTHER LIONEL JAMES

**ORDER**

Defendant has filed a Motion for Compassionate Release (Doc. No. 617) pursuant to 18 U.S.C. §3582(c)(1)(A)(i). The government has filed a response. For the reasons stated below, the motion is denied.

On October 3, 2018, Defendant pled guilty to conspiracy to possess with intent to distribute and to distribute more than 500 grams of methamphetamine. (Doc. No. 508). On April 16, 2019, he was sentenced to 144 months in prison. (Doc. No. 509).

Under the First Step Act, a court may modify a term of imprisonment on a defendant's motion only when a defendant has fully exhausted his administrative remedies with the Bureau of Prisons, and after considering the factors set forth in 18 U.S.C. §3553(a) factors, it finds that "extraordinary and compelling reasons warrant such a reduction . . . . and that such reduction is consistent with applicable policy statements issued by the Sentencing Commission."[1] 18 U.S.C.A. § 3582(c)(1)(A).

Defendant, through his family, requested compassionate release on June 15 and 18, 2020, and that request was denied by the warden. Defendant also appealed the denial to the BOP "on or about November 19, 2020" though the record does not reflect whether the appeal was acted

---

[1] Mr. James does not meet the alternative criteria of this section as he is not 70 years old.

1

on. (Doc. No. 617, p. 13, fn 31). The Court is satisfied that Defendant has exhausted his administrative remedies and that the issue is properly before the Court.

The First Step Act does not define the phrase "extraordinary and compelling." In the absence of an Eighth Circuit ruling on the issue, this Court has previously accepted that the Act deferred to the existing United States Sentencing Guidelines—though they predate the COVID-19 outbreak—as representing the "applicable policy statements." The examples of extraordinary and compelling set forth in U.S.S.G § 1B1.13 cmt. n.1 are:

> (1) the defendant's medical condition is such that he suffers from a "terminal illness" or the condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (2) "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less; (3) the defendant's family circumstances include either "(i) [t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" or "(ii) [t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

As of May 18, 2021, the eight circuits have ruled that these guidelines do not apply to defendant-filed motions for compassionate release under the First Step Act, finding instead that courts have more discretion to define what constitutes "extraordinary and compelling."[2] The Eighth Circuit has not addressed this issue directly.[3] Only the Eleventh Circuit has issued

---

[2] See *United States v. Long*, No. 20-3064, 2021 WL 1972245, at *8 (D.C. Cir. May 18, 2021); *United States v. Brooker*, 976 F.3d 228, 235 (2d Cir. 2020); *United States v. McCoy*, 981 F.3d 271, 282 (4th Cir. 2020); *United States v. Shkambi*, 993 F.3d 388, 392–393 (5th Cir. 2021); *United States v. Jones*, 980 F.3d 1098, 1109–1111 (6th Cir. 2020); *United States v. Gunn*, 980 F.3d 1178, 1180–1181 (7th Cir. 2020); *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021); *United States v. McGee*, 992 F.3d 1035, 1050 (10th Cir. 2021).

[3] The Eighth Circuit has sidestepped the issue on several recent cases: *United States v. Gater*, No. 20-2158, 2021 WL 2069968, at *2 (8th Cir. May 24, 2021) ("We need not decide whether the statute supersedes the list of circumstances set forth in the policy statement."); *United States*

opinions maintaining adherence to §1B1.13. See *United States v. Bryant*, ⸺ F.3d ⸺, 2021 WL 1827158, at *1–16 (11th Cir. May 7, 2021). The Court finds that under either the §1B1.13 policy statements or under the Court's own discretion, Defendant's circumstances are not extraordinary and compelling.

Defendant has Type-2 diabetes, heart failure, and hypertension. These conditions do put him at higher risk of becoming seriously ill or dying if he contracted COVID-19 according to current CDC guidelines.[4] Defendant also supported his motion with a sworn declaration from Dr. Mary Warfield,[5] who is board certified in internal medicine with 36 years of experience. (Doc. 617-1). She states that she has reviewed Defendant's medical records and confirms that his medical conditions put him at increased risk of serious complication in the event he becomes infected by COVID-19. With respect to his diabetes, Dr. Warfield states that while Defendant's diabetes has been "reasonably well controlled by diet, exercise, and oral medications since 2016," he has recently dropped from 180 to 149 pounds in the last two months as a result of his diabetes now being out of control. She attributes this loss of control to the lack of regular monitoring of Defendant's blood sugars and his inability to maintain an exercise regime under current pandemic restrictions.

Defendant is incarcerated at FCI Talladega. The BOP current update shows that there are

---

*v. Rodd*, 966 F.3d 740 (8th Cir. 2020) ("We need not determine whether the district court erred in adhering to the policy statements in § 1B1.13.;); *United States v. Loggins*, 966 F.3d 891 (8th Cir. 2020), *reh'g denied* (Nov. 2, 2020).

[4] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html

[5] As the Government points out, the declaration is unsigned. The Court will consider the declaration for purposes of this motion, because even if it were signed, it would not change the outcome in this case.

3

currently zero inmates and zero staff who have tested positive for COVID-19. According to the Government's response, Defendant has now received both doses of the Moderna vaccine for COVID-10 and is fully vaccinated as of May 12, 2021. Defendant's hypertension and his heart failure are currently under control. The Court acknowledges the seriousness of Defendant's diabetes. However, the Court finds that federal prisons are equipped to handle serious illnesses like diabetes, and he should pursue his remedies for medical care through the channels of the prison facility. At this time Defendant has not demonstrated that he has sought medical attention to remedy his diet and exercise restrictions and his lack of glucose monitoring. For these reasons, the Court finds that Defendant's health conditions are not extraordinary and compelling.

Even assuming that Defendant's medical conditions combined with the changes in the prisons due to the pandemic constitute ordinary and compelling reasons, his request for relief must be denied upon consideration of the § 3553(a) factors – specifically, protecting the public from additional crimes by Defendant and reflecting the severity of the offense.

Defendant has ten prior convictions. They include driving while intoxicated, domestic battery, possession of cocaine, attempt to possess with intent to distribute a controlled substance; and possession with intent to deliver cocaine. The drug convictions are the same behavior as the instant offense. Additionally, he was on parole for a prior conviction when he committed the instant offense.

The severity of the instant offense also must be considered. Federal agents were investigating drug trafficking around Blytheville, Arkansas. From July 2015 through June 2016, confidential informants conducted numerous controlled buys. Ultimately, Defendant was held responsible for between 500 grams and 1.5 kilograms of methamphetamine. Additionally,

4

Defendant carried a gun when he distributed the drugs. In fact, a loaded handgun was found under his mattress the day agents executed a search warrant on his home.

Finally, Defendant is only 44 years old and has served less than half of his sentence, which means he does not meet the age and minimum served-time requirement under the Guidelines. According to the Government, Defendant is classified as a medium risk for recidivism.

## CONCLUSION

For the reasons stated, Defendant's Motion for Compassionate Release (Doc. No. 617) is DENIED.

IT IS SO ORDERED, this 11th day of June, 2021.

_____
UNITED STATES DISTRICT JUDGE